IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**RACHEL HARRELL**                                                                                    **PLAINTIFF**

**V.**                             **CASE NO.: 3:16-CV-29-BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Rachel M. Harrell has appealed the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs, and the case is ready for decision.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court has considered evidence that detracts from the Commissioner's decision as well as evidence that supports it.

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket #4)

**Background**

Ms. Harrell alleged she became limited in her ability to work due to psychotic disorder; nerve damage in her arm, hips, back and knee; hallucinations; and depression. (SSA record at 451)  After conducting a hearing, the Administrative Law Judge ("ALJ") concluded that Ms. Harrell had not been under a disability within the meaning of the Social Security Act at any time from her alleged onset date through October 27, 2015, the date of his decision.[2]  (*Id*. at 29-30)  On December 18, 2015, the Appeals Council denied the request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (*Id*. at 1-3)  Ms. Harrell then filed her complaint initiating this appeal.  (Docket #2)

Ms. Harrell was thirty-seven years old at the time of the ALJ's most recent decision.  (SSA record at 19)  She has a ninth grade education and no past relevant work. (*Id*. at 19, 457)

**The ALJ's Decision**

The ALJ found that Ms. Harrell had not engaged in substantial gainful activity since her alleged onset date and that her major depressive disorder, anxiety disorder, psychotic disorder, polysubstance dependence, scoliosis, and chronic pain syndrome were

---

[2]Ms. Harrell had three previous administrative hearings that resulted in decisions denying her applications.  (SSA record at 63-125, 133-44, 158-75, 189-211) After each decision, Ms. Harrell requested and received review by the Appeals Council.  The Council's review resulted in three remands of her applications for further proceedings. (*Id*. at 151-53, 183-84, 219-20)

severe impairments. (*Id*. at 14) She did not, however, have an impairment or combination of impairments that met or equaled a Listing. (*Id*. at 14-15) He judged that Ms. Harrell's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (*Id*. at 16-19)

Based on his findings, the ALJ concluded that, during the relevant time period with Ms. Harrell's substance use disorder, she retained the residual functional capacity ("RFC") for light work, except she could climb ladders, ropes, or scaffolds; could no more than frequently climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; and could not be exposed to unprotected heights. He further found that Ms. Harrell could have no contact with the general public; was limited to unskilled work where interpersonal contact is incidental to the work performed, supervision is simple, direct, and concrete; was markedly limited in her ability to carry out one-to-two-step tasks and would be unable to execute even simple tasks on an occasional basis; and would regularly miss one day of work per week. (*Id*. at 16) Based on the testimony from a vocational expert, the ALJ determined that there are no jobs Ms. Harrell could perform. (*Id*. at 19) Thus, the ALJ concluded that, with her substance use disorders, Ms. Harrell was disabled. (*Id*. at 400)

The ALJ went on to find that, without her substance use disorders, Ms. Harrell would still have severe impairments, but that those impairments would not meet a listed impairment. (*Id*. at 20-21) The ALJ further found that Ms. Harrell would have the RFC

to perform light work except that she could climb ladders, ropes, or scaffolds; could perform only frequently climb ramps and stairs, balance, stoop, kneel, crouch or crawl; and could not be exposed to unprotected heights. He further found she could have no contact with the general public; was limited to unskilled work where interpersonal contact is incidental to the work performed, supervision is simple direct and concrete; could perform only SVP-1 or 2 jobs; and was limited to simple, routine, repetitive tasks. The ALJ further found, based on vocational expert testimony, that there would be jobs available in the national economy she could perform.[3]  (*Id*. at 22-29) The ALJ concluded that, without substance abuse, Ms. Harrell was not disabled. (*Id*. at 29-30)

**Ms. Harrell's Allegations**

Ms. Harrell claims there is not substantial evidence to support the ALJ's decision that her substance abuse disorder was a contributing factor material to her disability. (#15 at 14-18)

**Reasons for Remand**

In 1996, the Social Security Act was amended to provide that, "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

---

[3]The ALJ identified the jobs of bagger (DOT 920.687-018) and Mexican food maker (DOT 520.687-046).

The regulations provide a procedure for evaluating substance addiction that requires an ALJ to follow the sequential process before giving any consideration to whether substance addiction is the cause of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a).

In *Brueggemann v. Barnhart*, 348 F.3d 689, 693-95 (8th Cir. 2003), the Court of Appeals for the Eighth Circuit explained that if an ALJ finds disability after evaluating the claimant's limitations including the effects of substance use, he or she must go on to consider which limitations would remain when the effects of substance use disorders are absent. *Id*. at 694-95. The Court went on to state that, "[i]f this process proves indeterminate, an award of benefits *must* follow." *Id*. at 695 (emphasis added).

Here, there is a lack of substantial evidence to support the ALJ's conclusion that Ms. Harrell could perform a limited range of light work absent her substance use disorders. The two-volume record is filled with evidence of Ms. Harrell's long history of mental illness. For years, she has been diagnosed with psychotic disorder, major depressive disorder, post-traumatic stress disorder, anxiety disorder, and polysubstance dependence.

Ms. Harrell's case has been remanded by the Appeals Council three times. (*Id*. at 150-54, 182-85, 218-21) The ALJ who conducted her third administrative hearing denied benefits after finding that Ms. Harrell's substance abuse was a contributing factor material to her disability. In reaching his conclusion, the ALJ noted that Ms. Harrell's history of drug use and poor compliance with treatment, not her mental illness, were the

main reasons for her hospitalizations, hallucinations, and suicide attempts. The Appeals Council remanded the case to the ALJ, however, because he had not obtained recent medical expert evidence regarding the effects of Ms. Harrell's substance abuse on her ability to work. (*Id*. at 219-20)

On remand, the ALJ referred Ms. Harrell for a mental status evaluation by consulting examiner Samuel B. Hester, Ph.D. (*Id*. at 1470-72) Dr. Hester noted that Ms. Harrell had marked and extreme limitations in her ability to work. (*Id*. at 1470-71) When asked to identify what changes he would make to his assessment if the claimant were totally abstinent from substance abuse, Dr. Hester remarked "[s]he reports mood altering PTSD but no way to know what would still be there if clean and sober for any length of time." (*Id*. at 1471) Dr. Hester did not give an opinion regarding the effects of Ms. Harrell's substance abuse disorders on her ability to work, and, consequently, there is still no medical evidence regarding the effects of Ms. Harrell's substance abuse on her ability to work.

In his opinion, the ALJ emphasized Ms. Harrell's current and past drug addiction, but this evidence alone does not lead to a conclusion that her drug addiction is material to her ability to work. It is just as likely that Ms. Harrell is using illegal drugs to self-medicate her serious mental illness and that the illness would remain even if she stopped abusing drugs.

The record indicates that, in many instances, after Ms. Harrell was hospitalized for inpatient treatment, her condition was somewhat improved but medical providers also noted that she was still experiencing auditory hallucinations at discharge. (SSA record at 1051, 1099, 1161, 1214, 1245, 1432, 1534) Further, her Global Assessment of Functioning ("GAF") scores at discharge from inpatient treatment and during participation in outpatient substance abuse treatment were frequently at or below 50 – a level that reflects serious limitation in Ms. Harrell's general ability to perform basic tasks of daily life. (*Id*. at 1098, 1122, 1213, 1244, 1268, 1273, 1431, 1525, 1534) See *Pate-Fires v. Astrue*, 564 F.3d 935, 944 (8th Cir. 2009) (history of GAF scores at 50 or below, taken as a whole, indicated claimant had serious symptoms or a serious impairment in social, occupational or school functioning) (citing DSM–IV at 32); see also *Brueggemann*, 348 F.3d at 695 (noting a GAF score of 50 reflects a serious limitation on a claimant's ability to perform basic life tasks; VE testified that an individual with a GAF score of 50 could not work). There is a lack of medical evidence to support the ALJ's decision, and it was error for him to rely on Ms. Harrell's history of drug abuse and failure to comply with treatment to conclude that she was not disabled.

At most, Dr. Hester's opinion leads to the conclusion that the evidence of materiality is inconclusive. Accordingly, the ALJ erred by not awarding benefits. See *Brueggemann*, 348 F.3d at 693 ("If the ALJ is unable to determine whether substance use

disorders are a contributing factor material to the claimant's otherwise-acknowledged disability, the claimant's burden has been met and an award of benefits must follow.")

**Conclusion**

After considering the record as a whole, the Court concludes the ALJ's finding that Ms. Harrell's substance abuse disorder was material to her inability to perform basic work activity was error. The decision of the Commissioner is not supported by substantial evidence. The Commissioner's decision is reversed and remanded for an award of benefits that she is entitled to receive under applicable SSA regulations. This a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 5th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE